# EXHIBIT A

# COMMONWEALTH OF VIRGINIA



### HOPEWELL CIRCUIT COURT
Civil Division
100 E BROADWAY, ROOM 251
HOPEWELL VA 23860
(804) 541-2239

Summons

To: MICHAEL C. HILD, REG AGENT
LIVE WELL FINANCIAL, INC
830 E MAIN STREET, SUITE 1000
RICHMOND VA 23219

Case No. 670CL14000046-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Monday, February 03, 2014

Clerk of Court: TAMARA J WARD

by _____
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:     PITTMAN, DALE W
THE ELIZA SPOTSWOOD HOUSE
112-A WEST TABB STREET
PETERSBURG VA 23803

VIRGINIA: IN THE CIRCUIT COURT FOR THE CITY OF HOPEWELL

LARRY MANLEY,

       **Plaintiff,**

v.                                            **CL:**

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**
Serve: Jonathan Griffith, Associate General Counsel Fannie Mae
        3900 Wisconsin Ave., NW
        Washington, DC 20016

**LIVE WELL FINANCIAL, INC.,**
Serve: Michael C. Hild, Registered Agent
        830 E. Main St., Suite 1000
        Richmond, VA 23219

**And**

**ATLANTIC LAW GROUP, LLC,**
Serve: Corporation Service Company, Registered Agent
        Bank of America Center
        1111 E. Main St., 16th floor
        Richmond, VA 23219

       **Defendants.**

## COMPLAINT

### Preliminary Statement

1.    This is an action filed by a homeowner seeking relief from an improper foreclosure. Plaintiff Larry Manley continues to reside in his home and is able to meet all the conditions of his home loan in order to remain in his home.  He seeks to have Defendants' improper foreclosure declared void and to recover actual, statutory, and punitive damages, plus his attorney's fees and costs. The core wrongdoing uniting all the claims is the misrepresentation of the actual creditor who owns Plaintiff's home loan.

2.      Plaintiff alleges that Defendant Atlantic Law Group, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") by making the false and misleading representation that Defendant Live Well Financial, Inc. was the creditor to whom the debt was owed in debt collection communications with Plaintiff, in violation of the Act's mandatory debt validation rights disclosure requirements and in violation of the Act's prohibitions against the use of false, deceptive, or misleading representations or means in connection with the collection of a debt.

3.      Plaintiff also asserts a conspiracy claim against all three Defendants.

4.      Finally, Plaintiff seeks to quiet title, thereby restoring the title to his home to its status prior to the events complained of herein.

### Parties

5.      Plaintiff Larry Manley ("Manley") is a natural person who resides in his home of almost sixty years at 1114 Kruper Avenue, Hopewell, Virginia 23860.

6.      Defendant Federal National Mortgage Association ("Fannie Mae") is a corporate entity that since September 6, 2008, has been under the conservatorship of the Defendant Federal Housing Finance Authority, an agency of the United States, which conservator has authorized Fannie Mae to sue and be sued in its own name. Fannie Mae was the assignee of Mr. Manley's home loan. At all times pertinent to this lawsuit Fannie Mae owned Plaintiff's loan.

7.      Defendant Live Well Financial, Inc. ("Live Well") is a Delaware corporation that has its principal place of business in the Commonwealth of Virginia.

8.      Defendant Atlantic Law Group, LLC ("ALG") is a debt collection law firm headquartered in Leesburg, Virginia. As an entity that "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any

Page 2

debts," and that uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests, ALG is a debt collector pursuant to 15 U.S.C. § 1692a(6), and is subject to the Federal Fair Debt Collection Practices Act, ("FDCPA," 15 U.S.C. § 1692 *et seq.*).

9.      ALG regularly uses the mails and telephone in a business the principal purpose of which is the collection of debts.

10.     ALG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due for other parties and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

11.     Defendant ALG moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## Statement of Facts

### *Atlantic Law Group, LLC is a Debt Collector*

12.     Defendant Atlantic Law Group, LLC is a law firm whose practice is focused on the collection of debts.

13.     ALG advertises that it focuses in real estate law and creditor's rights, more specifically that:

> Atlantic Law Group, LLC is a law firm that serves the real estate financial industry in the mid-Atlantic area. Atlantic has extensive experience representing investors, lenders, banks and servicers in loan transactions, default, bankruptcy proceedings, land contract disputes and default, title issues, and real estate transactions. We understand our clients' business, industry, challenges and opportunities. We take great pride in providing outstanding legal counsel and excellent representation in all aspects of real property transactions and related finance law.[1]

---

[1] *See* http://www.atlanticlawgrp.com/, last visited January 31, 2014.

14.     ALG regularly collects home loan debts.

15.     ALG regularly demands payment from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that ALG is attempting to collect.

16.     ALG regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure").

17.     ALG regularly attempts to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g upon written request from consumers.

***Defendant ALG Makes a False Disclosure of the Consumer's § 1692g Thirty Day Validation Notice Rights and in so Doing Also Uses False, Deceptive or Misleading Representations in Connection With the Collection of a Consumer Debt***

18.     Plaintiff obtained a reverse mortgage from Live Well Financial, Inc. as evidenced by a promissory note ("Note") dated April 24, 2009. The Note was payable to Live Well.

19.     The Note was secured by a Deed of Trust dated April 24, 2009.

20.     The debt, a home loan, was incurred primarily for personal, family or household purposes, and thus falls within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

21.     ALG sent Plaintiff an April 24, 2013, ALG dunning letter, a copy of which is attached hereto as Exhibit A.

22.     ALG's letter, Exhibit A, and its other communications with Plaintiff were made to attempt to collect a debt that is regulated by the FDCPA.

23.     Exhibit A was ALG's initial written notice communication with Plaintiff. Exhibit A purported to make the required § 1692g debt validation disclosures to the Plaintiff.

24.     ALG's letter states that the creditor to whom the debt is owed is Live Well Financial, Inc.

25.     ALG's letter falsely identifies the creditor to whom the debt is owed.

26.     The actual creditor was Fannie Mae, as assignee of Plaintiff's home loan.

27.     ALG prepared a Substitution of Trustee document for Live Well Financial that purported to name ALG Trustee LLC as the trustee for the deed of trust that secures Plaintiff's home loan. (Exhibit B).

28.     Through its attorney in fact, Live Well signed the Substitution of Trustee on May 9, 2013.

29.     ALG then recorded this document in the land records for Circuit Court Clerk's Office for the City of Hopewell.

30.     ALG knew that Exhibit B would be sent to Mr. Manley and knew that Exhibit B was part of its attempt to collect a debt from Mr. Manley.

31.     Exhibit B states that Live Well is the noteholder.

32.     Exhibit B falsely identifies the noteholder.

33.     The actual noteholder was Fannie Mae, as the assignee of Manley's home loan and beneficiary of the deed of trust securing his home loan.

34.     Exhibit B contains a false and misleading representation that Defendant Live Well is the creditor to whom the debt is owed.

35.     ALG knew or should have known that this and each of the foregoing misrepresentations it made were false. *Bourff v. Rubin Lublin, LLC*, No. 10-14618, 674 F.3d

1238; 2012 U.S. App. LEXIS 5613, 2012 WL 971800 (11th Cir. Mar. 15, 2012) (stating "[t]he identity of the "creditor" is a serious matter"); *Shoup v. McCurdy & Candler*, 465 Fed. Appx. 882, 2012 U.S. App. LEXIS 6443 (11th Cir. March 30, 2012).

36.    ALG advises and controls the manner in which ALG Trustee LLC conducts foreclosure sales in the Commonwealth of Virginia.

37.    Pursuant to ALG's direction, on July 26, 2013, ALG Trustee LLC purported to exercise the power granted to it by Exhibit B to sell Plaintiff's home by auction to Live Well and then to Fannie Mae. (Exhibit C, Trustee's Deed).

38.    The bid price at auction was $29,000.00.

39.    Mr. Manley's home is assessed at $63,500.00.

40.    Because Plaintiff's home loan was insured through the Department of Housing and Urban Development, that federal loan program will be asked to cover the difference between the sale price of the home and the amount due on the debt.

41.    Fannie Mae has sought to evict Mr. Manley from his home by filing an Unlawful Detainer Action in the General District Court of the City of Hopewell, Case No. GV13002182-00.

42.    Fannie Mae claims in that action that Exhibit C makes it the owner of the home.

43.    Exhibit C does not make Fannie Mae the owner of the home because ALG Trustee LLC was not properly appointed substitute trustee of Mr. Manley's home loan.

44.    ALG Trustee LLC was not properly appointed substitute trustee because only Fannie Mae, as the owner of the loan and beneficiary of the deed of trust securing it, had the power to appoint a substitute trustee.

45.     ALG Trustee LLC was not properly appointed substitute trustee because Exhibit B falsely claims that Live Well is the noteholder.

46.     Mr. Manley has the ability to meet all his obligations under the terms of his home loan.

47.     For reasons known only to them, Live Well, Fannie Mae, and ALG worked together to conceal the identity of the owner of the loan.

48.     Upon information and belief, Live Well was never a "creditor to whom the debt was owed" under the FDCPA or even a beneficiary of Plaintiff's Deed of Trust. Fannie Mae was, despite the Defendant's subsequent correspondence indicating otherwise.

49.     As a result of the acts and omissions of the Defendants, Plaintiff has suffered and continues to suffer actual damages and injury, including but not limited to, emotional distress, mental anguish and suffering, loss of peace of mind, and a loss of statutorily protected rights, along with the loss of his home and his equity therein.

### FIRST CAUSE OF ACTION
### CONSPIRACY
### Defendants Fannie Mae, Live Well and Atlantic Law Group

50.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

51.     Defendants Fannie Mae, Live Well, and Atlantic Law Group worked together to pursue a foreclosure in an improper manner by concealing the true owner of the home loan.

52.     Neither Live Well nor ALG had any authority to pursue a foreclosure in the proper manner.

53.     As major actors in the home finance industry, Fannie Mae and Live Well should know how to conduct a foreclosure properly in Virginia.

54.     As a law firm that participates in the foreclosure process in Virginia, ALG should know how to conduct a foreclosure properly in Virginia.

55.     Misrepresenting the owner of a home loan is never a proper way to conduct a foreclosure in Virginia.

56.     To accomplish their objective these defendants knew what documents would need to be prepared at each step of the foreclosure process, and took steps to ensure that none of the documents identified the true owner of the home loan.

57.     As a result of Defendants' concerted and improper conduct, Mr. Manley is facing the loss of his home and has suffered and continues to suffer stress, inconvenience, and lost time.

58.     Defendants acted with conscious disregard for Mr. Manley's rights sufficient to justify an award of punitive damages against them.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)(A)
## Defendant Atlantic Law Group, LLC

59.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

60.     Defendant ALG violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) making a false representation of the character, amount, or legal status if the debt when it misrepresented that Defendant Live Well Financial Inc. was the creditor to whom the debt was owed.

61.     Plaintiff is therefore entitled to actual and statutory damages against Defendant ALG, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### THIRD CAUSE OF ACTION
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)
### Defendant Atlantic Law Group, LLC

62.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

63.     Defendant ALG violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) when it used a false representation or deceptive means to collect or attempt to collect the debt, when it misrepresented that Defendant Live Well Financial Inc. was the creditor to whom the debt was owed.

64.     Plaintiff is therefore entitled to actual and statutory damages against Defendant ALG, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

### FOURTH CAUSE OF ACTION
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g(a)(2)
### Defendant Atlantic Law Group, LLC

65.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

66.     Defendant ALG violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g(a)(2) when made a false disclosure of identity of the creditor to whom the debt was owed by disclosing inaccurately that Defendant Live Well Financial, LLC "is Live Well Financial, Inc.

67.     Plaintiff is therefore entitled to actual and statutory damages against Defendant ALG, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## FIFTH CAUSE OF ACTION
## QUIET TITLE
### Defendant Fannie Mae

68.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

69.     The alleged appointment of substitute trustee was not proper because it does not state the name of the owner or beneficiary of the Deed of Trust with authority to make such appointment.

70.     Because the substitution of trustee document (Exhibit B) was not proper, no rights or powers were passed to the substitute trustee to sign a foreclosure deed (Exhibit C).

71.     Because the substitute trustee had no right or power to sign the foreclosure deed that purports to transfer title to Fannie Mae, Fannie Mae received no rights by that deed.

72.     Defendant Fannie Mae does not hold good title to Mr. Manley's home.

73.     Mr. Manley has superior title to the home.

74.     Fannie Mae's interest in the home is limited to its status as the beneficiary of the deed of trust that secured Mr. Manley's home loan.

75.     Mr. Manley has no plain, adequate, or speedy remedy at law.  Unless this court quiets the title, Mr. Manley will suffer irreparable harm.

76.     Mr. Manley is entitled to have both the substitution of deed document and the trustee's deed marked void, thus restoring the title to his home to its status prior to these events.

**WHEREFORE**, the Plaintiff by counsel respectfully prays that this honorable court award him the following relief:

1.      Actual damages pursuant to the conversion and the FDCPA claim in the amount of $15,000 if the trustee's deed is voided, and $78,500 if this relief is not granted;

2.      Statutory damages up to $1000 pursuant to FDCPA, 15 U.S.C. § 1692k(2)(A);

3.      Order that both the substitution of deed document (Exhibit B) and the trustee's

deed (Exhibit C) are to be marked void;

4.      Costs and reasonable attorneys fees pursuant FDCPA, 15 U.S.C. § 1692k; and

5.      Such other or further relief as the Court deems proper.

TRIAL BY JURY IS DEMANDED

Respectfully submitted,
LARRY MANLEY
By Counsel

Dale W. Pittman (VSB #15673)
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, VA 23803-3212
(804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com

Thomas D. Domonoske (VSB # 35434)
461 Lee Avenue
Harrisonburg, VA  22802
(540)  442-7706
Email: tomdomonoske@earthlink.net

Counsel for Plaintiff

Page 11

Orlans*;Fair Debt Letter;N;N;None;AL;541161;C;4/24/2013

Larry Manley
1114 Kruper Avenue
Hopewell, VA 23860





ATLANTIC
LAW GROUP, LLC

PO Box 2548
Leesburg. VA 20177
P 703 777 7101   F 703 940 9110
www.atlanticlawgrp.com

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**IN THE EVENT YOU ARE SUBJECT TO AN AUTOMATIC STAY ISSUED BY A UNITED STATES BANKRUPTCY COURT OR THE REFERENCED DEBT HAS BEEN DISCHARGED IN BANKRUPTCY, THIS COMMUNICATION IS NOT INTENDED TO BE AN ATTEMPT TO COLLECT A DEBT.**

**IF YOU ARE NOW ON ACTIVE MILITARY DUTY OR HAVE BEEN IN THE PRIOR TWELVE MONTHS, PLEASE CONTACT OUR OFFICE AS YOU MAY BE ENTITLED TO PROTECTIONS UNDER THE SERVICEMEMBERS CIVIL RELIEF ACT.**

**AT THIS TIME, NO ATTORNEY WITH THIS LAW FIRM HAS PERSONALLY REVIEWED THE PARTICULAR CIRCUMSTANCES OF YOUR ACCOUNT.**

April 24, 2013

VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED and FIRST CLASS MAIL

Larry Manley
1114 Kruper Avenue
Hopewell, VA 23860

RE:   Our File No. 541161
Property Address:  1114 Kruper Avenue
Hopewell, VA 23860

Dear Mr. Manley:

Please be advised that this law firm has been retained by Celink ("Servicer") regarding a default in your Deed of Trust/Mortgage Note payable to Live Well Financial, Inc ("Creditor") in the original principal amount of $165,450.00 ("Note").  Repayment of the Note is secured by a Deed of Trust/Mortgage on the referenced property.

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT THIS LETTER IS WRITTEN PURSUANT TO THE PROVISIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT CODIFIED AT 15 U.S.C. 1692.  PURSUANT TO THE TERMS OF THE ACT, UNLESS YOU NOTIFY OUR OFFICE WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS LETTER THAT THERE IS A DISPUTE AS TO THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, WE WILL ASSUME THAT THE DEBT IS VALID.  IN THE EVENT THAT YOU NOTIFY US IN WRITING THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT AND FORWARD SAME TO YOU.  UPON WRITTEN REQUEST WITHIN THE THIRTY (30) DAY PERIOD, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.**

Sincerely,

Atlantic Law Group, LLC

cc:    Celink

# VALIDATION OF DEBT NOTICE PURSUANT TO
## 15 USC §1692

- (1) The amount of the debt as of April 30, 2013 is $86,790.44.

  This amount shall not be construed as a payoff statement as the debt continues to accrue interest, fees and costs on a daily basis. Please contact your mortgage servicer or this office to obtain an updated payoff statement.

- (2) The name of the creditor to whom the debt is owed is Live Well Financial, Inc

- (3) Unless you, within thirty days after receipt of the notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

- (4) If you notify the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to you by the debt collector; and

- (5) Upon your written request within the thirty-day period, the debt collector will provide you with the name and address of the original creditor, if different from the current creditor.

THIS NOTICE SHALL NOT BE CONSTRUED AS AN ADMISSION THAT ATLANTIC LAW GROUP, LLC IS A DEBT COLLECTOR OR THAT ATLANTIC LAW GROUP, LLC IS ACTING IN CONNECTION WITH THE COLLECTION OF ANY DEBT.

Our File No. 541161

130001129

0050

Return To:
Prepared By:
Atlantic Law Group, LLC
PO Box 2548
Leesburg, VA 20177
ALG: 541161
Celink
Tax ID# 032-0170



## SUBSTITUTION OF TRUSTEE

THIS SUBSTITUTION OF TRUSTEE is made between **Live Well Financial, Inc**

("Noteholder") and Larry **Manley** ("GRANTOR(S)" for recordation purposes) and **ALG Trustee,**

**LLC**, a Virginia Limited Liability Company, PO Box 2548, Leesburg, VA 20177, Substitute

Trustee ("Grantee").

WHEREAS, the Noteholder is the holder of the Note secured by the Deed of Trust dated April 24, 2009, from Larry Manley to certain trustees therein Title Works of VA ("Trustee(s)"), payable to Live Well Financial, Inc. and recorded among the land records of City of Hopewell, Virginia on May 4, 2009, at Instrument Number 090000850, at Page 0012 ("Deed of Trust"); and

WHEREAS, the Deed of Trust grants to and/or Code of Virginia §55.59 permits the Noteholder the unconditional power to appoint Substitute Trustee(s) in place and stead of the original Trustee(s) named in the Deed of Trust; and the Noteholder desires to exercise the power to appoint Substitute Trustee(s) in place and in stead of the Trustee(s) and to vest the Substitute Trustee(s) with same rights, powers, title and estate as are vested in the Trustee(s).

NOW, THEREFORE, by virtue of the aforementioned Deed of Trust and the statute, the Noteholder does hereby appoint ALG Trustee, LLC as Substitute Trustee(s) under the Deed of Trust, with identically the same title and estate in and to the land, premises and property conveyed by the Deed of Trust, with all rights, powers, trusts and duties of the Trustees.

**0051**

Substitution of Trustee
L541161

By Celink, Attorney In Fact For Live Well Financial, Inc

_Jeaw Ward_

By:     Name: _Jan Ward_

Title: _AVP Celink_

Date: _May 9, 2013_

STATE OF <u>Michigan</u>

COUNTY OF <u>Clinton</u>

I hereby certify that on this _9th_ day of _May_ 2013, before me, the subscriber, a Notary Public for the State of _Michigan_ and County of _Clinton_ aforesaid, personally appeared _Jan Ward_ who acknowledged himself/herself to be the _AVP_ of Celink, Attorney In Fact For Live Well Financial, Inc.  He/She is personally known to me.

_Lauren M. Allward_

Notary Public
My commission expires:

LAUREN M. ALLWARD
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF INGHAM
My Commission Expires JULY 9, 2013
Acting in the County of _Clinton_

Return To:
Atlantic Law Group, LLC
PO Box 2548
Leesburg, VA 20177
L541161
Celink

2014 FEB -3  PM 3: 41
CIRCUIT COURT CLERKS OFC
HOPEWELL, VIRGINIA
TAMARA J. WARD, CLERK        D.C.

INSTRUMENT #130000123
RECORDED IN THE CLERKS OFFICE OF
HOPEWELL  IN
MAR 13 2013 AT 9:50AM
TAMARA J. WARD, CLERK
RECORDED BY: MSB

## COMMONWEALTH OF VIRGINIA



OFFICIAL RECEIPT
HOPEWELL CIRCUIT COURT
DATE RECEIPT

ALG #: L54116121R **130002334**
Celink

Return to:
Atlantic Law Group, LLC
PO Box 2548
Leesburg, VA 20177
(703) 777-7101
Prepared by Aaron Jordan, VSB #70144

0008



## TRUSTEE'S DEED

THIS TRUSTEE'S DEED is made as of this 26th day of July 2013, by and between **ALG Trustee, LLC**, a Virginia Limited Liability Company, whose address is PO Box 2548, Leesburg, VA 20177, as Grantor; and **Live Well Financial, Inc**, Grantor herein for recordation purposes, hereinafter called Bidder, and **Federal National Mortgage Association**, whose address is PO Box 650043, Dallas, TX 75265-0043 Grantee. The original Deed of Trust Maker being Larry **Manley**, Grantor(s) herein for recordation purposes.

WITNESS THAT:

WHEREAS, by Deed of Trust dated April 24, 2009, and duly recorded on May 4, 2009 in the Office of the Clerk of the Circuit Court of the CITY OF HOPEWELL, Virginia, as Instrument Number 090000850, the above referenced Maker did grant and convey the property described hereinafter to Title Works of VA, as Trustee(s), in trust to secure the payment of the original principal sum of $165,450.00 with interest thereon as stated in said Deed of Trust, evidenced by a Promissory Note of even date with said Deed of Trust; and

WHEREAS, by Instrument recorded in the aforesaid clerk's office, ALG TRUSTEE, LLC was appointed Substitute Trustee under the aforesaid Deed of Trust; and

WHEREAS, said Deed of Trust provides that upon default, the Trustee, upon request of the holder of said Note secured thereby, may sell the secured property at public auction after having first advertised the time, place and terms of said sale in a newspaper published or having general circulation in the City of Hopewell and;

WHEREAS, there was a default under the terms of the Deed of Trust and at the request of the holder of said Note, the Substitute Trustee, after having advertised the time, place and terms of the said sale as required by statute and/or the Deed of Trust in THE HOPEWELL NEWS, a newspaper having general circulation in the City of Hopewell, and after providing notice of sale as required by Section 55-59.1, Code of Virginia 1950, as amended, did offer the said property for sale and did sell the same at public auction to the Bidder for $29,000.00 on July 26, 2013, at the main entrance of the courthouse for the Circuit Court of the City of Hopewell; and

CONSIDERATION: $29,000.00
TAX MAP NO. 032-0170
ASSESSED VALUE: $63,500.00
The existence of title insurance is unknown to the preparer.

EXEMPT FROM TRANSFER TAXES PER
Va. Code Ann. § 58.1-811(A)(3)

Trustee's Deed
Property Address: 1114 Kruper Avenue, Hopewell, VA 23860

Page 1 of 3



Prepared by: Atlantic Law Group, LLC
RE: L541161VIR

0009

WHEREAS, pursuant to applicable regulations of the Federal National Mortgage Association, Grantor and the Bidder wish to convey the hereinafter described property unto the Grantee, as evidenced by their execution of this deed;

WHEREAS, the Substitute Trustee asserts, to the best of its knowledge and belief, the party/parties in interest is/are not protected from foreclosure by the Service Members Civil Relief Act.

NOW, THEREFORE, THIS DEED WITNESSETH: In consideration of the sum of $29,000.00 paid unto the Grantor by the Grantee, the Grantor (with the consent of the Bidder who joins this deed for the purpose of assigning its interest to the Grantee) does hereby grant, bargain, sell and convey, with SPECIAL WARRANTY OF TITLE, unto the Grantee, the real property situated in City of Hopewell, with all rights, ways, easements, improvements and appurtenances thereunto belonging, described as follows:

**ALL THAT CERTAIN LOT OR PARCEL OF LAND WITH THE APPURTENANCES THERETO BELONGING, LYING, BEING AND SITUATE IN THE CITY OF HOPEWELL, VIRGINIA, AND FURTHER KNOWN, AND DESIGNATED AS FOLLOWS: BEGINNING AT A POINT ON A THIRTY (30) FOOT ROAD AT THE NORTHWEST CORNER OF LOT 33, DUPONT ANNEX, SECTION ONE, AND RUNNING FROM SAID POINT OF BEGINNING IN A WESTERLY DIRECTION NINETY (90) FEET DEEP AND IN A SOUTHEASTERLY DIRECTION ACROSS LOTS 33, 34, AND 35 IN THE DIVISION LINE WHICH SEPARATES DUPONT ANNEX, SECTION ONE, AND DUPONT ANNEX, SECTION TWO; THENCE ALONG SAID DIVISION LINE IN A NORTHEASTERLY DIRECTION TO THE THIRTY (30) FOOT STREET AFORESAID; THENCE IN A NORTHWESTERLY DIRECTION 51 FEET AND 5 INCHES TO THE POINT OF BEGINNING.**

AND GENERALLY KNOWN AS 1114 KRUPER AVENUE, HOPEWELL, VIRGINIA 23860

WITNESS that the Grantor has caused this instrument to be executed in its name, by a duly authorized Vice President:

ALG Trustee, LLC
Substitute Trustee

By: _____

James E. Clarke, Vice President

COMMONWEALTH OF VIRGINIA

COUNTY OF LOUDOUN

I hereby certify that on this _15t_ day of _Oct_ , 2013, before me, the subscriber, a Notary Public for the Commonwealth of Virginia and County of Loudoun aforesaid, personally appeared James E. Clarke who acknowledged himself to be the Vice President of ALG Trustee, LLC. He is personally known to me or presented proof of identification.

_____
Notary Public
My Commission Expires:

Trustee's Deed
Property Address: 1114 Kruper Avenue, Hopewell, VA 23860

Page 2 of 3

Prepared by: Atlantic Law Group, LLC
RE: L541161VIR

0010

Live Well Financial, Inc by Celink, Attorney
In Fact

Name _Jane Wood_

Title: _AVP Celink_

STATE OF _Michigan_

COUNTY OF _Clinton_

I hereby certify that on this _23rd_ day of _Sept._, 2013, before me, the subscriber, a Notary Public for the State of _Michigan_ and County of _Clinton_ aforesaid, personally appeared _Jane Ward_ who acknowledged himself/herself to be the _AVP-Celink_ of Live Well Financial, Inc. by Celink, Attorney In Fact. He/She is personally known to me or presented proof of identification.

_Lauren Allward_
Notary Public
My Commission Expires:

LAUREN ALLWARD
Notary Public - Michigan
Ingham County
My Commission Expires Jul 9, 2019
Acting in the County of _Clinton_

2014 FEB -3 PM 3: 42

CIRCUIT COURT CLERKS OFC
HOPEWELL, VIRGINIA
TAMARA J. WARD, CLERK

INSTRUMENT #130002334
RECORDED IN THE CLERK'S OFFICE OF
HOPEWELL ON
OCTOBER 8, 2013 AT 02:10PM
$63.50 GRANTOR TAX WAS PAID AS
REQUIRED BY SEC 58.1-802 OF THE VA. CODE
STATE:           $31.75   LOCAL:         $31.75
TAMARA J. WARD, CLERK
RECORDED BY: MBB

Trustee's Deed
Property Address: 1114 Kruper Avenue, Hopewell, VA 23860

Page 3 of 3