UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LARRY MANLEY,**

      **Plaintiff,**

v.                                                                                        Civil Action No.  3:14-cv-203-JAG

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**
**LIVE WELL FINANCIAL, INC., and**
**ATLANTIC LAW GROUP, LLC,**

      **Defendants.**

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR ENTRY OF PROTECTIVE ORDER

This is an action filed by a homeowner seeking relief from an improper foreclosure. Plaintiff Larry Manley continues to reside in his home and is able to meet all the conditions of his home loan in order to remain in his home.  He seeks to have Defendants' improper foreclosure declared void and to recover statutory, actual, and punitive damages, plus his attorney's fees and costs. The core wrongdoing uniting all the claims is the misrepresentation of the actual creditor who owns Plaintiff's home loan.

This case was originally filed in state court and removed by Defendants to this Court. Defendants then filed Motions to Dismiss and identified that the state court pleading did not comport with the requirements of the Federal Rules of Civil Procedure. Mr. Manley filed a First Amended Complaint (FAC) to address some of Defendants' concerns.  Defendants Live Well and Fannie Mae have filed a Motion to Dismiss only the state law claims of the Amended Complaint, and ALG joined in their Motion to Dismiss. After Mr. Manley filed his FAC, a Virginia Supreme Court opinion, *Squire v. VHDA,* 287 Va. 507, 758 S.E.2d 55, 2014 Va. LEXIS 55 (April 17, 2014), was issued that had relevance to this action. Mr. Manley sought permission

to amend his Complaint and permission was granted. The Defendants then renewed their Motions to Dismiss. After full briefing of those Motions, this Court denied them. Answers have now been filed and a settlement conference before Judge Novak is scheduled for November 4, 2014.

Although the parties agree that a protective order should be entered, they have been unable to agree on the form of such order. Mr. Manley's counsel assert that a good faith effort to reach agreement has repeatedly been attempted by counsel without success. Attached as Exhibit A is the most recent version submitted by Defendant Fannie Mae and LiveWell. Because the parties have been unable to agree on the order, Plaintiff requests that the Court enter the Order attached as Exhibit B. Whether Defendant Atlantic Law Group agrees with either Exhibit A or Exhibit B is unknown because before the latest draft was provided by Fannie Mae and LiveWell, Atlantic Law Group had been demanding that an "Attorney Eyes Only" provision be included. Although Mr. Manley is requesting that the form in Exhibit B be used, this request is because so much of Exhibit B has been requested by the Defendants. For comparison purposes, Exhibit C is the first requested form by Mr. Manley which was sent to Defendants on September 8, 2014, and Exhibit D is Plaintiff's proposed Order with the track changes removed.

Two main differences exist between Exhibit A and B. First, Paragraphs 12 and 16 of Exhibit A shift the burden to bring a motion about disputed material. Paragraph 12 moves the burden to prove whether any material is properly designated as confidential away from the designating party, and Paragraph 16 similarly shifts such burden for inadvertent disclosures. Exhibit B modifies both to keep that burden on the party who would bear the burden of proof in each case.  Second, in both Paragraph 9 and at the end of Paragraph 16, Exhibit A specifically

orders that unknown material can be filed under seal. Exhibit B instead refers to Local Rule 5 in Paragraph 9 and removes the reference to filing under seal in Paragraph 16.

Regarding the burden shifting with respect to who makes a motion regarding whether material is confidential, "Federal Rule of Civil Procedure 26(c)(1) permits a district court to enter a protective order for good cause." *E.I. DuPont De Nemours & Co. v. Kolon Indus.* 479 Fed. Appx. 483, 485 (4th Cir. 2012). Under FRCP 26(c)(1), the party from whom discovery is sought is the party with the burden to move for a protective order. The resisting party is the party to make such a motion because "[t]he burden is on the party resisting discovery to explain specifically why its objections, including those based on irrelevance, are proper given the broad and liberal construction of federal discovery rules." *Desrosiers v. MAG Industrial Automation Systems, LLC*, 675 F. Supp. 2d 598, 601 (D. Md. 2009); *see also Marfork Coal Co. v. Smith*, 274 F.R.D. 193, 204 (S.D. W.Va. 2011); *Cappetta v. GC Services Limited Partnership*, 2008 U.S. Dist. LEXIS 103902 at *10 (E.D.Va. 2008) (*citing Momah v. Albert Einstein Med. Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996); *Josephs v. Harris Corp.*, 677 F.2d 985, 991-91 (3d Cir. 1982); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Given that the party making a designation of confidential has the burden to prove why the material is confidential, Exhibit B properly maintains the normal process of that party making such a motion.

As for the reference in Exhibit A that would preemptively authorize material to be filed under seal, Local Rule 5(C) provides for the process to be followed for such a prospective order. Exhibit A improperly changes that process. If any party has material that it believes reaches the sealing standard set forth in *Doe v. Pub. Citizen.* 749 F.3d 246, 267 (4th Cir. 2014), that party can simply follow Local Rule 5(C).

Therefore, Mr. Manley requests that a protective order as set forth in Exhibit B be entered by this Court.

          Respectfully submitted,
          LARRY MANLEY
          By Counsel

__/s/_____
Dale W. Pittman (VSB #15673)
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, VA 23803-3212
(804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com

Thomas D. Domonoske (VSB # 35434)
461 Lee Avenue
Harrisonburg, VA  22802
(540)  442-7706
Email: tomdomonoske@earthlink.net

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 17th day of October, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

      Jason W. McElroy
      Tessa K. Somers
      WEINER BRODSKY KIDER PC
      1300 19th Street, NW, 5th floor
      Washington, DC 20036-1609
      *Counsel for Defendants Federal National*
      *Mortgage Association and Live Well Financial, Inc.*

      Dean L. Robinson
      ATLANTIC LAW GROUP, LLC
      1602 Village Market Blvd., SE, Suite 310
      Leesburg, VA 20175
      *Counsel for Atlantic Law Group, LLC*

      \_\_/s/_____
      Dale W. Pittman (VSB #15673)
      The Law Office of Dale W. Pittman, P.C.
      112-A W. Tabb Street
      Petersburg, VA 23803-3212
      (804) 861-6000
      Fax: (804) 861-3368
      Email: dale@pittmanlawoffice.com
      Counsel for Plaintiff