IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| LARRY MANLEY, | ) |
|        Plaintiff, | ) |
| v. | ) Civil Action No.: 3:14-cv-00203-JAG |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; LIVEWELL FINANCIAL, INC.; and ATLANTIC LAW GROUP, LLC, | ) |
|        Defendants. | ) |

**DEFENDANTS FEDERAL NATIONAL MORTGAGE
ASSOCIATION AND LIVE WELL FINANCIAL, INC.'S RESPONSE TO
PLAINTIFF LARRY MANLEY'S MOTION FOR PROTECTIVE ORDER**

Defendants Federal National Mortgage Association ("Fannie Mae") and Live Well Financial, Inc. ("Live Well") respectfully submit this Memorandum of Law in Response to Plaintiff Larry Manley's ("Plaintiff") Motion for a Protective Order (Dkt. No. 45). Fannie Mae and Live Well do not oppose the entry of a protective order in this case, but they do oppose certain provisions of Plaintiff's proposed protective order. For the reasons explained below, Fannie Mae and Live Well request the Court enter the protective order attached hereto as Exhibit A.[1]

Discovery in this case has already begun, and, as Plaintiff notes in his opening brief, the parties agree that a protective order should be entered. The parties merely disagree as to two specific issues: (1) which party should move the Court for determination of disputed confidentiality designations and (2) whether and how the protective order may provide for filing

---

[1] Exhibit A, hereto, is the same protective order Plaintiff attached to his Memorandum in Support of his Motion (Dkt. No. 46) as Exhibit A; the only difference is that the "tracked changes" have been accepted.

appropriate materials under seal.  Plaintiff's reticence to agree to Fannie Mae and Live Well's proposals—which provide better protection of confidential materials—is particularly puzzling given that the great majority of discoverable materials in this case will likely include Plaintiff's own personal and financial information.  Fannie Mae and Live Well are motivated in large part by duties imposed upon them by statute to protect this private information, and it would also seem to be in Plaintiff's self-interest to seek the most comprehensive protection available for his private information.

As to the first issue of moving the Court for determination of disputed confidentiality designations, Plaintiff mischaracterizes the proposal made by Fannie Mae and Live Well, alleging that "[Exhibit A] moves the burden to prove whether any material is properly designated as confidential away from the designating party[.]"  Pl's Mem. at 2.  This characterization is directly contrary to Exhibit A's plain language:  "[t]he producing party shall have the burden of demonstrating the protected nature of the Protected Material."  Ex. A ¶ 16.  Exhibit A does not in any way shift the burden of proving confidentiality away from the producing party.  It merely states that the party taking issue with the designation of confidentiality cannot unilaterally change the designation, and must instead raise its objections with the Court—after meeting and conferring with the producing party in good faith.  Ex. A ¶¶ 12, 16.  Were the protective order worded otherwise, an objecting party could change the confidentiality designation of protected material simply by objecting to the producing party.  In fact, Plaintiff's draft protective order adds wording that states that if the designating party fails to apply for protection from the Court within a mere *five days*, the confidential designation will be deemed *waived*.  Pl's Mem. Ex. B ¶ 12.  Plaintiff's proposal thereby takes all "protection" out of the proposed protective order.

By contrast, the procedures proposed by Fannie Mae and Live Well facilitate discovery without displacing burdens articulated in the Federal Rules of Civil Procedure. The case law cited by Plaintiff does not suggest that the type of protective order proposed by Fannie Mae and Live Well is in any way improper. In fact, similar protective orders are common in litigation across the country. *See*, *e.g.*, *NewMarket Corp. v. Innospec Inc.*, Civ. No. 3:10cv503, 2011 U.S. Dist. LEXIS 56137, *7 (E.D.Va. May 25, 2011) ("If a party disagrees with the designation of 'Confidential Material' and such disagreement cannot be resolved after good-faith negotiation, the party may challenge the designation by motion to the Court."); *In re Rescap Liquidating Trust Mortg. Purchase Litig.*, Case No. 14-7900 (MG), Dkt. 11 ¶ 18 (Bankr. S.D.N.Y. Sept. 5, 2014) ("If the dispute cannot be resolved, the Challenging Party may move the Court . . . for an order removing the challenged designation indicating the reasons why it believes those designations are inappropriate. In the event of such a motion, the Designating Party shall have the burden of establishing that the Discovery Material in question is 'CONFIDENTIAL' or 'HIGHLY CONFIDENTIAL.'"), attached hereto as Exhibit B; Dist. of Kansas Form Protective Order ¶ 8 ("A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality."), attached hereto as Exhibit C.

As to the second issue of filing documents under seal, Local Civil Rule 5(c) specifically contemplates the filing of "a protective order providing prospectively for filing of documents under seal." Plaintiff dismisses Fannie Mae and Live Well's proposed language to that effect, and rather than suggest alternative language that would provide for prospective filing of documents under seal, Plaintiff's proposal merely cites to the Local Rule—which itself requires

3

filing a protective order. Pl's Mem. Ex. B ¶ 9. Plaintiff's proposal thus forces the filing and possible motion practice for two protective orders—one for designations of confidentiality and another providing prospectively for filing documents under seal—where a single protective order would suffice.

Plaintiff also utterly fails to explain how Fannie Mae and Live Well's proposals in Exhibit A's paragraphs 9 and 16 run afoul of Local Civil Rule 5(c). *See* Pl's Mem. at 3. Plaintiff has not proposed language he would deem to be in compliance with Local Civil Rule 5(c), aside from a citation directly to the Rule which, as explained above, merely creates inefficiency.

Plaintiff's proposed protective order imposes unrealistic deadlines and creates inefficiency in the discovery phase of this case. Fannie Mae and Live Well thus respectfully request the Court not enter the order Plaintiff proposes and instead enter the protective order attached hereto as Exhibit A.

Dated: October 31, 2014            Respectfully submitted,

                                              WEINER BRODSKY KIDER PC

By:    */s/ Tessa K. Somers*
        Jason W. McElroy (VSB #71250)
        Tessa K. Somers (VSB #84477)
        1300 19th Street NW, Fifth Floor
        Washington, DC 20036-1609
        Tel: (202) 628-2000
        Fax: (202) 628-2011
        Email: mcelroy@thewbkfirm.com
                  somers@thewbkfirm.com

*Counsel for Defendants Federal National Mortgage Association and Live Well Financial, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 31st day of October, 2014, a copy of the foregoing Defendants Federal National Mortgage Association and Live Well Financial, Inc.'s Response to Plaintiff Larry Manley's Motion for Protective Order, was served upon the following parties and counsel of record via the Court's ECF System:

Dale W. Pittman
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, VA 23803-3212

Thomas D. Domonoske
461 Lee Avenue
Harrisonburg, VA 22802

*Counsel for Plaintiff*

Dean Robinson
Atlantic Law Group, LLC
1602 Village Market Blvd SE, Suite 310
Leesburg, VA 20175

*Counsel for Defendant Atlantic Law Group, LLC*

                                                 /s/ Tessa K. Somers
Tessa K. Somers (VSB #84477)
1300 19th Street NW, Fifth Floor
Washington, DC 20036-1906
Tel: (202) 628-2000
Fax: (202) 628-2011
Email: somers@thewbkfirm.com