UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | |
|---|---|
| Larry Manley, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:14-cv-00203-JAG |
| | ) |
| Federal National Mortgage | ) |
| Association, et al., | ) |
| | ) |
| Defendants. | ) |

DEFENDANT ATLANTIC LAW GROUP, LLC,'S
RESPONSE TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

COMES NOW Defendant Atlantic Law Group, LLC, by counsel, and for its Response to Plaintiff's Motion for Protective Order, states as follows:

Background

Plaintiff Larry Manley obtained a reverse mortgage from Defendant Live Well Financial, Inc. Second Amended Complaint, ¶ 15. As part of that transaction, the Plaintiff signed a promissory note and a deed of trust. See Second Amended Complaint, ¶ 15. The promissory note and the deed of trust were in the favor of Live Well Financial, Inc. Second Amended Complaint, ¶¶ 15 & 18. The deed of trust encumbered the property commonly known as 1114 Kruper Avenue, Hopewell, Virginia. Second Amended Complaint, ¶¶ 4 & 17.

Under the terms of the deed of trust, the Plaintiff is obligated to, among other things, pay the real estate taxes on the property encumbered by the deed of trust. In this case, the Plaintiff failed to pay certain real estate taxes which non-payment continued despite the request to cure such failure. Defendant Live Well Financial, Inc., executed a

substitution of trustee document which appointed ALG Trustee, LLC, as the substitute trustee under the aforementioned deed of trust. Prior to the foreclosure sale under the deed of trust, Defendant Atlantic Law Group, LLC, sent a letter to the Plaintiff which, among other things, identified Live Well Financial, Inc., as a creditor to whom a debt is owed. ALG Trustee, LLC, conducted the foreclosure, and Defendant Live Well Financial, Inc., made the highest bid. ALG Trustee, LLC, and Defendant Live Well Financial, Inc., executed a trustee's deed in regard to the Kruper Avenue property which identified the grantee therein as Federal National Mortgage Association ("Fannie Mae"). Fannie Mae commenced an unlawful detainer action whereupon this matter ensued.

## Argument

Although the Plaintiff casts the "core wrongdoing" as being the "misrepresentation of the actual creditor whom owns Plaintiff's home loan[,]" the real inquiry (at least in Atlantic Law Group, LLC,'s view of the matter) is whether Live Well Financial, Inc., possessed the authority to appoint ALG Trustee, LLC, as a substitute trustee under the aforementioned deed of trust and whether Live Well Financial, Inc., was a creditor to whom a debt was owed as contemplated by the Fair Debt Collections Practices Act ("FDCPA"). Defendant Atlantic Law Group, LLC, has argued that Live Well Financial, Inc., possessed such authority and that Live Well Financial, Inc., was correctly identified as a creditor to whom a debt was owed as contemplated by the FDCPA. Notwithstanding, Defendant Atlantic Law Group, LLC, did assert (without admitting any liability) an affirmative defense in the alternative under the *bona fide* error provision of the FDCPA.

In light of these legal positions, Defendant Atlantic Law Group, LLC, anticipates providing discovery to the Plaintiff which relates to the Plaintiff's personal information and which relates to proprietary information of Atlantic Law Group, LLC. As to the information relating to the Plaintiff, disputes regarding a confidential designation, and the filing of materials under seal, Defendant Atlantic Law Group, LLC, would basically share the same position on those issues as it anticipates will be set forth by Defendants Fannie Mae and Live Well Financial, Inc., in their joint response to the Motion. However, with respect to the disclosures relating to Atlantic Law Group, LLC,'s proprietary information, that is a different situation.

In that respect, Defendant Atlantic Law Group, LLC, anticipates providing information which relates to proprietary software commonly known as "Aspen Grove" which it uses in its foreclosure business. Obviously, Defendant Atlantic Law Group, LLC, does not want this information to be disclosed to the public, including specifically its competitors in the foreclosure business. Moreover, considering the sensitive nature of this information and the great need to protect its competitive advantage, Defendant Atlantic Law Group, LLC, believes it is necessary that any information provided in this respect be restricted to certain individuals (i.e., attorneys and not an individual Plaintiff). Such a protective order has been used in another case in the United States District Court for the Western District of Virginia. See Ex. A. Therefore, Defendant Atlantic Law Group, LLC, would request that the provisions in sections three (3) through fourteen (14) in the protective order attached hereto as Exhibit A be included in any protective order entered by this Court in this case as well. See Rule 26(c)(1)("requiring that a trade secret

or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way").

WHERFORE, Defendant Atlantic Law Group, LLC, by counsel, respectfully requests that this Court enter a protective order consistent with that which the Defendants (including specifically Atlantic Law Group, LLC) seek, as well as grants said Defendant such further relief as it is otherwise entitled to under the law.

Atlantic Law Group, LLC<br>By Counsel

/s/ Dean L. Robinson
Dean L. Robinson, Esq. (VSB#34454)
Atlantic Law Group, LLC
1602 Village Market Blvd. SE, Suite 310
Leesburg, Virginia  20175
(703) 554-6413
(703) 940-9110 (fax)
drobinson@atlanticlawgrp.com
*Counsel for Atlantic Law Group, LLC*

4

Certificate of Service

I hereby certify that the foregoing document was electronically filed with the Court via CM/ECF on October 31, 2014. I hereby further certify that a copy of the foregoing document was mailed, postage pre-paid, to the following individuals on October 31, 2014:

Dale W. Pittman, Esq.
The Law Office of Dale W. Pittman, P.C.
112-A W. Tabb Street
Petersburg, Virginia 23803-3212
*Counsel for Plaintiff*

Thomas D. Domonoske, Esq.
461 Lee Avenue
Harrisonburg, Virginia 22802
*Counsel for Plaintiff*

Jason W. McElroy, Esq.
Tessa Somers, Esq.
Weiner Brodsky Kider, PC
1300 19th Street, NW, 5th Floor
Washington, D.C. 20036
*Counsel for Defendants Federal National Mortgage Association and Live Well Financial, Inc.*

/s/ Dean L. Robinson
Dean L. Robinson, Esq. (VSB#34454)
Atlantic Law Group, LLC
1602 Village Market Blvd. SE, Suite 310
Leesburg, Virginia  20175
(703) 554-6413
(703) 940-9110 (fax)
drobinson@atlanticlawgrp.com
*Counsel for Atlantic Law Group, LLC*

5

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Irene Carter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 5:14-CV-0003-MFU |
| | ) | |
| America Note Servicing, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### JOINT PROTECTIVE ORDER

Pursuant to the motion of Defendant Atlantic Law Group, LLC, by counsel, for the entry of a Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure,

*IT IS HEREBY ORDERED THAT*

1. This Protective Order is entered for the purposes of this case and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court. Without limiting the generality of the foregoing, this Protective Order shall survive and remain in full force and effect after the termination of this litigation. This Protective Order shall not apply to any documents or information obtained by the plaintiff, or her counsel, prior to entry of this Order and which later are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order provided, however, that such documents or information may remain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of Protective Order(s) in other cases to which defendant was or is a party.

2. Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional Protective Orders as the Court may deem appropriate.

3. Any party to this litigation or any third party who elects to be covered by this Order, who, in discovery, produces or discloses any item of discovery, including without limitation any document, thing, interrogatory answer, deposition testimony or admission, may designate that same as:

    A. "CONFIDENTIAL" where such item of discovery contains confidential information, the present disclosure of which would, in the good faith judgment of the designating party, be detrimental to the designating party in the conduct of its business, or

    B. "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" where such item of discovery contains proprietary information of records which constitute trade secrets of a party. Additional categories of materials that may be designated "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" may be added by agreement of the parties or order of the Court.

4. The designation of confidential information that exists in tangible form shall be effected by visibly marking it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY." In the event that the producing party elects to produce original files and records for inspection and the inspecting party desires to inspect these files and records, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files and records shall be considered as marked "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain confidential information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" prior to producing the copies to the inspecting party. Counsel shall agree on a mutually acceptable manner for the identification of protected information that cannot be readily or easily marked in a visible manner.

5. Information which becomes available to any party via inspection, measuring, analyzing, or testing of any sample or thing marked as provided in Paragraph 4 received from another party, or prepared or derived by utilizing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" and supplied pursuant to this Protective Order, shall also be considered to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY," respectively.

6. If during the course of a deposition taken in this litigation any questions are asked regarding confidential information, then only persons designated under Paragraph 9 below (and qualified in accordance with the provisions of Paragraph 10 herein, if necessary), the deponent, the deponent's counsel, and the reporter shall be allowed to be present during such portion of the deposition and the corresponding portion of the deposition transcript shall be designated and marked by the reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS EYES ONLY," as appropriate, pursuant to this Protective Order. This paragraph shall not be deemed to authorize disclosure of any document or information to any person to whom disclosure is prohibited under this Protective Order.

7. With respect to depositions of any deponent or any person employed by, formerly employed by, or acting on behalf of a party to this action, such deponent or party shall have until thirty (30) days after receipt of the deposition transcript within which to inform the other parties that portions of the transcript are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS EYES ONLY." Similarly, a third party deponent shall have until thirty (30) days after receipt of its deposition transcript within which to inform the parties that portions of the deposition transcript are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY." No such deposition transcript shall be disclosed to any person other than persons described in Paragraph 9 below (and qualified under Paragraph 10, if necessary) and the deponent during these thirty (30) days, and no person attending such deposition shall disclose the contents of the deposition to any person other than those qualified to receive information designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL-ATTORNEYS EYES ONLY" pursuant to this Protective Order during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY," each party shall cause each copy of the transcript in its custody or control to be appropriately marked immediately.

8. All confidential information marked or designated as provided herein shall not be used by any recipient or disclosed to anyone for any purpose other than in connection with the above-captioned action, and shall not be disclosed by the recipient to anyone other than those persons designated (and qualified, if necessary) below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

9. Materials or information designated by any party as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" shall be restricted to the following persons on behalf of the receiving party:

    A.    Outside counsel, including local counsel, if any, of the parties in this action, and their employees;

    B.    Court personnel and stenographic reporters, engaging in such proceedings as are necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action; and

    C.    A reasonable number of independent outside experts, the disclosure to whom must be reasonably necessary to assist counsel for any party in the preparation for trial and/or trial of this action, and such persons must become qualified to receive such materials and information in accordance with the procedures in Paragraph 10 below before receiving such information.

Materials or information designated by any party as "CONFIDENTIAL" shall be restricted to the persons designated in Paragraphs 9(A), (B), (C) and to one party representative who is designated by each party and who is identified in writing to all the other parties.

10.     Counsel for all parties shall additionally be permitted to discuss, in general terms only, the contents of materials and information designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" with a second party representative, who may be different from the one party representative who is designated to see materials designated as "CONFIDENTIAL" pursuant to paragraph 9, but only to the extent necessary to render legal advice and to report on the progress of the lawsuit. Accordingly, neither the first nor the second party representative is permitted to review any documents designated HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY. The second party representative, before discussing the materials and information mentioned above, shall be shown this Joint Protective Order and shall agree in writing by signing the affidavit agreement attached hereto as Exhibit A, which by this reference is made a part hereof, and to be bound by the terms hereof with regard to any use or disclosure to others of such confidential information. A duplicate original of said written affidavit agreement will be provided to each party. No protected information shall be shared with the first or second party representative until ten (10) calendar days after said party representatives are identified in writing to the opposing party.

11.     (A)     Every independent expert or consultant retained by any party for purposes of this case, and the first and second party representatives designated in Paragraph 9 and/or Paragraph 10, to whom all or part of any materials or information designated as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" or "CONFIDENTIAL" is disclosed, before disclosure thereof shall be shown this Joint Protective Order and shall agree in writing, by signing the affidavit agreement attached hereto as Exhibit A which by this reference is made a part hereof, to be bound by the terms hereof with regard to any use or disclosure to others of such confidential information, prior to receipt of such confidential information. A duplicate original of said written affidavit agreement will be provided to each party. The expert or consultant shall provide a brief biographical sketch that includes a description of his/her field, and shall disclose any relationships to the parties, direct or indirect. Further, no protected document shall be shown

to any expert or consultant until ten (10) calendar days after said expert or consultant is identified in writing to the opposing party, and such brief biographical sketch is provided.

(B)     In the event that a party objects in writing to the designation of any person as an expert or consultant within the ten (10) calendar day period set forth in Paragraph (A) above, no disclosure of any confidential documents or other information may be made until the objecting party consents or until the Court rules against the objecting party on appropriate motion, after a good faith attempt to resolve the issue has been addressed by the parties. The party objecting to disclosure of the confidential documents or other confidential information shall be the moving party for purposes of said motion.

12.     In the event that a party receiving information that the other party has designated CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY disagree with the propriety of that designation, then the parties will first try, in good faith, to resolve such dispute on an informal basis before presenting the dispute to the Court by motion or otherwise as set forth in Paragraph 11, above. The Court may then determine whether the information should be considered CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY and, if so, may rule on what restrictions to access or disclosure should be imposed. All information whose designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY has been disputed shall be treated as HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY until such time as the Court determines or the parties agree otherwise. No party shall be obligated to challenge the propriety of the CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY designation at the time of production, and a failure to do so shall not preclude a subsequent challenge to on the propriety of such designation.

13.     A person designated under Paragraph 9(C) herein who becomes qualified under Paragraph 11 herein to receive information and material designated as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" shall be qualified to receive information and materials designated as "CONFIDENTIAL." However, the first party representative designated

under Paragraph 9 herein who becomes qualified under Paragraph 11 herein to receive information and materials designated as "CONFIDENTIAL" shall not be qualified to receive information and materials designated as "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY."

14. Any documents or other information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" which are filed with the Court for any purpose shall be filed in a sealed envelope and marked with the title of the action and a statement substantially in either of the following forms, as appropriate;

> "CONFIDENTIAL. This envelope containing papers filed by (name of party) is not to be opened nor the contents thereof displayed or revealed except by Court Order or by agreement of the parties."

or

> "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY. This envelope containing papers filed by (name of party) is not to be opened nor the contents thereof displayed or revealed except by Court Order or by agreement of the parties."

To the extent practicable, confidential information shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated. No confidential information shall be included in whole or in part in pleadings, motions, briefs, or other papers filed in Court except as provided in this paragraph. Notwithstanding the provisions of this Order, it is expressly agreed and declared that the provisions of Rule 9 of the Local Rules for the United States District Court for the Western District of Virginia are hereby incorporated herein by reference and shall further govern the filing of documents under seal with the Court.

15. Counsel for each party shall take reasonable precautions with regard to storage, custody and use to prevent the unauthorized or inadvertent disclosure of any confidential information.

16. The inadvertent or unintentional disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS EYES ONLY" or any other privileged information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a

waiver in whole or in party of a party's claim of confidentiality either as to the specific information disclosed therein or on the same or related subject matter, provided that the party asserting the claim of confidentiality informs the opposing party of its claim within a reasonable time after learning of the disclosure. Upon notice of the inadvertent disclosure, the receiving party shall be limited in future dissemination of the document(s) or information based on their designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;" however, no violation of this Protective Order shall be deemed to have occurred based on the receiving party's good faith dissemination of the document(s) or information between disclosure and designation.

17. The failure to designate information in accordance with this Protective Order or the failure to object to a designation at or within a given time shall not preclude the filing of a motion at a later date seeking to impose such designation on further disclosure of 'CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY" information or challenge the propriety thereof. This Protective Order shall not be construed as a waiver of any right to object to the furnishings of information in response to discovery.

18. Promptly after final termination of this action by judgment, settlement or otherwise, all confidential information furnished or produced under the terms of this Protective Order, including all copies thereof and all documents incorporating such information, except all pleadings filed with the Court, all exhibits marked in discovery or at trial and materials which in the judgment of the attorney in possession of the materials are work product materials, shall be destroyed or delivered to the counsel for the designating party, unless otherwise agreed in writing. The above-described pleadings, exhibits, and work product materials may be retained in confidence under the terms of this Protective Order by outside counsel for the party.

Entered this 4th day of August, 2014.

_____
Judge